**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

AHMER BILAL, INC., dba Tire Depot,

Plaintiff,

v.

NATIONWIDE INSURANCE COMPANY OF AMERICA,

Defendant.

No. 2:20-CV-0788-DAD-DMC

ORDER

Plaintiff, a corporation doing business as Tire Depot and proceeding with retained counsel, brings this civil action. The matter was originally filed in the Butte County Superior Court and removed to this Court on April 16, 2020. See ECF No. 1. Plaintiff's complaint is attached to the Notice of Removal as Exhibit A. See id. at 9-24. Defendant filed its answer in state court prior to removal. See id. at 127-135. Pending before the Court are two motions to compel, ECF Nos. 19 and 25, filed by Defendant related to discovery served on third party Fire Victim Trust.

Pursuant to the stipulation of the parties, as approved by Judge Nunley before the case was reassigned to Judge Drozd, non-expert discovery closed on December 6, 2022. See ECF No. 13. The current motions were heard on November 30, 2022 – off the undersigned's normal civil law and motion calendar – to allow for a hearing prior to this date.

## I. BACKGROUND

Plaintiff operates Tire Depot from a storefront on Clark Road in Paradise, California. See ECF No. 1, pg. 11. According to Plaintiff, the business was damages in the November 8, 2018, Camp Fire. See id. Plaintiff alleges that the business was insured by Defendant. See id. Plaintiff alleges insurance bad faith, see id. at 16-22, and breach of the implied covenant of good faith and fair dealing, see id. at 22-23.

In its first motion to compel, Defendant seeks an order overruling Plaintiff's objections and compelling third party Fire Victim Trust to produce documents in response to a subpoena duces tecum. See ECF No. 19. Plaintiff and Defendant have filed a joint statement regarding the documents dispute. See ECF No. 20. Plaintiff filed a separate opposition brief. See ECF No. 24. The subpoena duces tecum is attached to the joint statement as Exhibit A. See ECF No. 20, pgs. 13-20. Plaintiff's objections are attached as Exhibit B. See id. at 21-26. Plaintiff provides a privilege log as an attachment to its separate opposition. See ECF No. 24, pgs. 7-12.

In its second motion to compel, Defendant seeks an order overruling Plaintiff's objections and compelling third party Fire Victim Trust to produce its person most knowledgeable pursuant to a deposition subpoena. See ECF No. 25. Plaintiff and Defendant have filed a joint statement regarding the deposition dispute. See ECF No. 26. The deposition subpoena is attached to the joint statement as Exhibit A. See ECF No. 26-1. Plaintiff's objections are attached as Exhibit B. See ECF No. 26-2.

Counsel for Fire Victim Trust has filed a notice of appearance, see ECF No. 23, but has not expressed any position on the pending motions.

In its subpoena duces tecum, Defendant seeks the following:

> 1. All documents relating to the Plaintiff, including all communications with the Plaintiff relating to its claim for trust proceeds.
>
> 2. All documents relating to the Property.
>
> 3. All documents relating to the claim, referenced as Claim ID 6303 in your August 22, 2022, Business Income Loss Determination Report.

> 4. All documents relating to the claim questionnaire, referenced as Claim Questionnaire ID 10002039 in your August 22, 2022, Business Income Loss Determination Report.
>
> 5. To the extent not already produced, your entire file relating to the Property.
>
> 6. To the extent not already produced, your entire file relating to the Plaintiff.
>
> ECF No. 20, pgs. 13-20 (Exhibit A to joint statement regarding documents dispute).

The subpoena duces tecum was served on Fire Victim Trust on September 21, 2022. See id. at 20.

In its deposition subpoena, Defendant seeks testimony from Fire Victim Trust's person most knowledgeable regarding the following topics:

> 1. Communications relating to the claims by Tire Depot, referenced by Claim Questionnaire ID 10002039.
>
> 2. Your receipt and consideration of documents and materials in support of the claims by Tire Depot.
>
> 3. The facts and documents on which you based each of the amounts in Section III of the Business Income Loss Determination Report, referenced by Claim ID 6303.
>
> 4. Communications with anyone relating to your August 22, 2022, Business Income Loss Determination Report in the claim, referenced by Claim ID 6303.
>
> 5. The facts and documents on which you based each of the amounts in Section II of the Real and Personal Property Determination Report, referenced by Claim ID 6295.
>
> 6. Communications with anyone relating to your August 22, 2022, Real and Personal Property Determination Report in the claim, referenced by Claim ID 6295.
>
> 7. Communications with anyone relating to Tire Deport.
>
> 8. Communications with anyone relating to the Property.
>
> 9. Communications with anyone relating to Tire Depot's tires, inventory, and/or stock following the 2018 Camp Fire.
>
> 10. Your inspection and testing of Tire Depot's tires, inventory and/or stock following the 2018 Camp Fire.

/ / /

> 11. Any inspection and testing of Tire Depot's tires, inventory, and/or stock following the 2018 Camp Fire.
>
> 12. The effect of the 2018 Camp Fire on any tires, inventory, and/or stock in Tire Depot at the time of the fire.
>
> ECF No. 26-1 (Exhibit A to the joint statement regarding the deposition dispute).

The deposition subpoena was served on November 3, 2022, with a deposition noticed for November 14, 2022. See id.

## II. DISCUSSION

As set forth the in the joint statements – which are essentially the same – the Fire Victim Trust was formed in the context of bankruptcy proceedings of Pacific Gas & Electric Company and PG&E Corporation to compensate victims of certain California wildfires, including the 2018 Camp Fire. See e.g. ECF No. 20, pg. 2. According to Defendant, it served the subpoenas now at issue after it learned from Plaintiff in September 2022 that Plaintiff had received an award from the Fire Victim Trust in the amount of $646,894.00, which included compensation for loss of Plaintiff's tire inventory. See e.g. id. Plaintiff objects to both subpoenas on the basis of the attorney work product privilege. See id. at 21-26 (Exhibit B to joint statement regarding documents dispute); see also ECF No. 26-2 (Exhibit B to joint statement regarding deposition dispute). Based on Plaintiff's objections, Fire Victim Trust did not produce documents or its person most knowledgeable. As to documents, Plaintiff contends that it has already produced all non-privileged documents requested and that it has produced a privilege log as to privileged documents. See e.g. ECF No. 20, pg. 3.

To qualify as privileged attorney work product, documents must be prepared "in anticipation of litigation or for trial." U.S. v. Richey, 632 F.3d 559, 567 (9th Cir. 2011). Two tests apply to determine if documents are privileged under the attorney work product doctrine. Under the "primary motivating factor" test, documents are considered privileged attorney work product only if the primary motivating purpose behind the creation of the documents is to aid

in possible future litigation. See Griffith v. Davis, 161 F.R.D. 687, 698 (C.D. Cal. 1995). Under the "because of" test, documents are privilege work product if they are created because of litigation and would otherwise not have been created in substantially similar form. See Richey, 632 F.3d at 567. Documents assembled in the ordinary course of business are not protected by the attorney work product privilege. See Griffith, 161 F.R.D. at 698. The party asserting the privilege bears the burden of persuasion. See Garcia v. City of El Centro, 214 F.R.D. 587, 591 (S.D. Cal. 2003).

Defendant argues Plaintiff's objections should be overruled because the documents at issue were not prepared in relation to anticipated or existing litigation. Instead, Defendant contends the documents sought were produced in the ordinary course of business for the purpose of obtaining compensation from the Fire Victim Trust fund.

Next, Defendant contends that, even if the documents at issue were prepared in relation to anticipated or current litigation, the privilege may be overcome because Defendant has a substantial need to review the Fire Victim Trust's claims file. In this regard, Defendant states that Plaintiff has taken the position that the Fire Victim Trust's award constitutes a legally binding determination, and that Defendant is liable for the insurance offset – the difference between the actual loss and the award made by the trust. According to Defendant: "Plaintiff cannot assert the Trust's payment is legally determinative against Nationwide and then preclude Nationwide from testing that assertion." ECF No. 20, pg. 7.

Next, Defendant argues that Plaintiff waived any attorney work produce privilege when it willingly supplied the documents to the Fire Victim Trust knowing that the trust would be required to produce claims information.

Finally, Defendant argues that Plaintiff's assertion that it has already produced the requested document misses the mark because, while Plaintiff has produced documents responsive to a document request, Defendant is entitled to documents which Plaintiff did not have because they were created by the trust in its claims handling process. Defendant notes that Plaintiff's privilege log would not cover such documents.

/ / /

/ / /

In opposition to the pending motions, Plaintiff reiterates its objections based on the attorney work product privilege and, for the first time, asserts that the subpoenas are overbroad.

Defendant's position is persuasive. First, Plaintiff supplied documents to the trust not for purposes of anticipated or ongoing litigation but to receive a claim payment from the trust. No litigation was involved, and counsel was not required to submit a claim to the trust. Second, Plaintiff supplied the document knowing that the trust would be required to disclose claims documentation upon request. Third, Plaintiff's new objection based on overbreadth has been waived. As to the sole objections asserted – attorney work product privilege – the objections will be overruled.

**III. CONCLUSION**

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's objections are be overruled.

2. Defendant's motions to compel, ECF Nos. 19 and 25, are granted.

3. The discovery cut-off date is extended to 60 days from the date of this order, but only as to the discovery addressed in this order; otherwise, the current scheduling order, as modified, remains in effect.

Dated: December 29, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE